UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62772-RLR

JON B. FELICE,

     Plaintiff,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC.,

     Defendant.

_____/

## JOINT SCHEDULNG REPORT

Defendant, Invicta Watch Company of America, Inc., and plaintiff, Jon B. Felice (the

"parties"), by and through their undersigned counsel, hereby file this Joint Scheduling Report as

required by Local Rule 61.1 and state as follows:

**A. Likelihood of settlement**:

The parties remain open to the possibility of settlement at some point but believe such
discussions are premature at this juncture.

**B. Likelihood of appearance in the action of additional parties:**

The parties do not anticipate the appearance of additional parties.

**C. Proposed limits on time to:**

(i)    join other parties and to amend the pleadings: February 21, 2017

(ii)    file and hear motions:

*There are two sets of dates provided below – "standard track" dates and "complex
track" dates. The "standard track" dates are derivative of the trial date the Court
set in [D.E. #4]. The trial date appears to have been selected based on this case
being placed on a standard track. The parties respectfully submit that this case
qualifies for the complex track due to the complexity of the case and the class issues
that may need to be addressed. Unlike a standard track case, this case may involve
a class certification determination. There will be discovery, briefing, and
potentially hearings associated with same. For these reasons and in compliance*

*with the Court's directive in [D.E. #4], the parties respectfully request that the Court continue the trial date and use the "complex track" dates provided herein. Please consider the parties' attorneys' execution of this document as an affidavit in support of this request for continuance of the trial date.  Both the standard track dates and complex track dates are included in the [Proposed] Scheduling Order provided to the Court contemporaneously with this filing.*

    a.  Response to complaint:    <u>January 30, 2017</u>

    b.  class certification:    <u>May 12, 2017</u> (standard track)
    <u>July 19, 2017 </u>(complex track)

    c.  summary judgment:  <u>September 5, 2017</u> (standard track))
    <u>January 18, 2018</u> (complex track)

    d.  complete discovery:  <u>August 6, 2017</u> (standard track)
    <u>December 4, 2017 </u>(complex track)

**D. The necessity or desirability of amendments to the pleadings:**

Plaintiff does not currently anticipate amending the pleadings but reserves the right to seek amendment based on future circumstances, including, but not limited to, consideration of arguments in any motion to dismiss, the Court's determination on any motions to dismiss, and conformity of pleadings to the law and evidence.

**E. Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties anticipate using the aforementioned discovery devices and other mechanisms to create efficiencies, conserve resources, and narrow the scope of issues wherever possible. To this end, the parties will endeavor to meet and confer in good faith before seeking any rulings from the Court.

**F. Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The parties will endeavor to meet and confer in good faith to avoid burdening each or the Court with unnecessary proof and cumulative evidence. The parties further believe that the production and use of electronic discovery to the extent possible will aid in this effort.

**G. Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The parties do not object to referring discovery matters to a Magistrate Judge or master but do not consent to referral to a Magistrate Judge for all purposes, including trial.

**H. Preliminary estimate of the time required for trial:**

Two weeks

**I. Requested date or dates for:**

(i)  conferences before trial:       A*s necessary*

(ii)  final pretrial conference:     November 8, 2017 (standard track)
                                      March 19, 2018  (complex track)

(iii)  trial:                        December 4, 2017 (standard track))
                                      April 18, 2018  (complex track)

**J. Other information that might be helpful to the Court in setting the case for status or pretrial conference.**

*The parties request the Court hold a scheduling conference or otherwise consider a pretrial schedule that departs from the one presently keyed to a December 4, 2017 trial date. Due the to the complexity of the case and the class issues involved, the parties submit that they would benefit from a slightly longer pre-trial schedule as presented in the Proposed Scheduling Order submitted herewith.*

Respectfully submitted, January 19, 2017

HELLER WALDMAN P.L.                          THE POLASZEK LAW FIRM, PLLC
3250 Mary Street, Suite 102                  3407 W. Kennedy Blvd.
Coconut Grove, Florida 33133                 Tampa, Florida 33609
Telephone No: (305) 448-4144                 Telephone No: (813) 574-7678

By: /s/ Glen H. Waldman                      By: /s/ Christopher S. Polaszek
Fla. Bar. No. 618624                         Fla. Bar. No. 0116866
gwaldman@hellerwaldman.com                   chris@polaszeklaw.com
Michael A. Sayre, Esq.
Fla. Bar No. 17607                           NEWMAN FERRARA LLP
msayre@hellerwaldman.com                     Jeffrey M. Norton (*admitted pro hac vice*)
                                             Roger A. Sachar, Jr. (*admitted pro hac vice*)
*Attorneys for Defendant Invicta*            1250 Broadway, 27th Floor
                                             Telephone No.: (212) 619-5400

                                             *Attorneys for Plaintiff Jon B. Felice*