UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62772-RLR

JON B. FELICE, Individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's, Invicta Watch Company of America, Inc.'s, Motion to Dismiss (the "Motion") [DE 39], filed on April 10, 2017. The Court has considered the Motion [DE 39], Plaintiff's Opposition [DE 43] and the Reply [DE 50]. The Court held a hearing on the Motion on May 1, 2017. The Court is otherwise fully advised in the premises of the action based upon the allegations contained in Plaintiff's Amended Complaint (the "Complaint") [DE 25]. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

The parties to this action are Plaintiff Jon B. Felice ("Plaintiff"), as an individual and on behalf of all others similarly situated, and Defendant Invicta Watch Company of America, Inc. ("Invicta" or "Defendant"). Defendant designs, markets, and sells men's and women's watches throughout the United States and internationally, directly through its own websites and through numerous third-party retailers. [DE 25 ¶¶ 9, 16, 17, 18] One of Invicta's product lines is the Pro Diver Series, which are available in various different models (collectively referred to herein as "Pro Diver Watches"). [DE 25 ¶ 1] The Pro Diver Watches are represented by Invicta to be suitable for scuba diving, marine activity, and surface water sports. [DE 25 ¶ 19] Both in marketing materials and on the watches themselves, the Pro Diver Watches are represented to be water resistant from 50 meters to 300 meters. [DE 25 ¶¶ 21-28] Plaintiff alleges, however, that Pro Diver Watches are prone to various defects that make them unsuitable for

diving, water-related activities, and in non-marine, light use situations. [DE 25 ¶¶ 2, 51-53] Plaintiff purchased two Pro Diver Models; No. 8928OB from Amazon.com on July 11, 2015, for $82.45 [DE 25 ¶ 29] and No. 8935 from Amazon.com on July 19, 2016, for $55.58 [DE 25 ¶ 47].

Plaintiff's first Pro Diver Watch leaked the first time it was exposed to water. [DE 25 ¶¶ 30-31] The penetration of water into the watch continued each subsequent time Plaintiff exposed the watch to water. [DE 25 ¶¶ 32-35] At some point, Plaintiff alleges the watch became unusable due to damage caused by water penetration. [DE 25 ¶ 36] Thereafter, Plaintiff made multiple attempts to resolve the matter through Amazon.com and Amazon Marketplace Seller "Clock Wise," to seek repairs or replacement. [DE 25 ¶¶ 37-40]. According to the Complaint, when Plaintiff was finally able to communicate with someone about Amazon's warranty program, he discovered that the excessive fees and burdensome procedures required for repair service made it an unreasonable option for a watch costing the amount of $82.45. *Id.* Thereafter, Plaintiff looked into the Invicta Warranty that came with his Pro Diver Watch and discovered that it required him to pay a $28 warranty service fee in addition to the cost of shipping and insurance – a combined amount nearly 50% of the watch's value. [DE 25 ¶¶ 41, 43]. In addition, the Invicta Warranty provided that his watch may be replaced with a watch of "lesser value." [DE 25 ¶ 45]. According to the Complaint, at this point, the Plaintiff opted to buy a replacement watch and, on July 19, 2016, purchased his second Invicta Pro Diver Watch on Amazon. [DE 25 ¶ 47] After a short period of gentle use, the band of Plaintiff's second Pro Diver Watch broke apart. [DE 25 ¶ 48] Because the Invicta Warranty accompanying his second Pro Diver Watch expressly excluded coverage for band defects, the Plaintiff was forced to employ the services of a third-party watch repair service, paying an additional $15 for repairs. [DE 25 ¶¶ 49-50] Plaintiff alleges that there are numerous similar complaints published online about defects with the Pro Diver Watches and the terms of Invicta's Warranty. [DE 25 ¶¶ 51-52, 64] Plaintiff alleges that these complaints, dating back to as early at 2008, and are published on multiple websites including Amazon.com, Evine.com, Consumeraffairs.com, Walmart.com, Invictastores.com, and the Better Business Bureau's website, are evidence that Invicta was on notice of the alleged defects and yet continued to market and sell the Pro Diver Watches as suitable for diving and water-based activities, as well as non-marine activities. [DE 25 ¶¶ 54, 55, 80]

According to the Complaint, each Pro Diver Watch is accompanied by an International Warranty Card and a Warranty Booklet. [DE 25 ¶¶ 56, 59, 60] Although the terms of the Warranty materials that accompanied Plaintiff's purchases were the same, in the Complaint and in the parties' briefing, it was revealed that there are multiple versions of warranties, including one attached to

Defendant's Motion, with different terms and conditions – some of which are inconsistent and possibly confusing. [DE 25 ¶¶ 61-63] Plaintiff alleges that there are many public complaints, like his, that Invicta's Warranty terms are unfair and unconscionable as a result of disproportionate costs and fees, and numerous exclusions. [DE 25 ¶¶ 64]

Plaintiff has asserted the following causes of action against Defendant: (1) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) Violation of Florida's Misleading Advertising Statute ("FMA"); (3) Breach of Express Warranty; and (4) Violation of the Magnuson–Moss Warranty Act ("MMWA"). Through the instant Motion [DE 39], Defendant requests that the Court dismiss all counts.

## II. MOTION TO DISMISS

Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim as to each count and that, as a non-resident, he lacks standing to assert Florida statutory claims. For the reasons stated below, Defendant's Motion to Dismiss is denied.

### A. Failure to State a Claim

#### i. *Legal Standard*

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry,* 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more

conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

*ii. Discussion*

**1. Count I: FDUTPA**

FDUTPA provides a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). To state a FDUTPA claim, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008) (citation omitted). "FDUTPA can be violated in two ways: (1) a per se violation premised on the violation of another law proscribing unfair or deceptive practice and (2) adopting an unfair or deceptive practice." *Hap v. Toll Jupiter Ltd. P'ship*, No. 07–81027–CIV, 2009 WL 187938, at *9 (S.D. Fla. Jan. 27, 2009). (citing Fla. Stat. §§ 501.204(1), 501.203(3)). "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). "Under FDUTPA, a deceptive practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1350 (S.D. Fla. 2011).

Defendant argues that Plaintiff's FDUTPA claim fails for four reasons: (1) as a non-resident of Florida, Plaintiff cannot pursue state statutory claims; (2) the claim is duplicative of his breach of warranty claim; (3) a reasonable consumer would not be deceived into believing the Pro Diver Watches were "defect free"; and (4) Plaintiff has failed to plead a plausible theory of actual damages because the Invicta Warranty provides for repair or replacement. Each argument is discussed in turn.

**a. Whether FDUTPA claim can be pursued by non-Florida resident**

Defendant argues that Plaintiff cannot invoke FDUTPA because he is neither a resident of Florida nor did he purchase his Pro Diver Watches in Florida. [DE 39 at 16] Nothing in the plain language of FDUTPA limits its application to injuries occurring in Florida. *See* Fla. Stat. §§ 501.201, *et seq*. Although some Florida case law holds that FDUTPA should be applied only to in-state consumers, "all of the federal courts in the Southern District of Florida that have considered this issue have followed *Millennium* [*Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So. 2d 1256 (Fla. Dist. Ct.

App. 2000)] and held that 'FDUTPA applies to non-Florida residents if the offending conduct took place predominantly or entirely in Florida.'" *Bank of Am., N.A. v. Zaskey*, 2016 WL 2897410, at *9 (S.D. Fla. May 18, 2016) (quoting *Karhu v. Vital Pharma., Inc.*, Case No. 13-60768-CIV, 2013 WL 4047016 (S.D. Fla. Aug. 9, 2013) ("The Court finds that the reasoning in *Millennium* and its progeny provides the fairest reading of FDUTPA's text and stated purpose. Nothing in the language of the statute suggests that it is limited to transactions involving Florida consumers.")); *see also Melton v. Century Arms, Inc.*, Case No. 16-21008-CIV, 2017 WL 1063449, *8 (S.D. Fla. Mar. 20, 2017) (non-resident who purchased products outside the state and alleged injuries outside the state may pursue FDUTPA claim where company was based in Florida and complained of conduct occurred in Florida); *Barnext Offshore, Ltd. v. Ferretti Group, USA, Inc.*, Case No. 10-23869-CIV, 2012 WL 1570057, *6 (S.D. Fla. May 2, 2012) (same).[1]

Invicta is a Florida corporation with its principal place of business in Florida. [DE 25 ¶¶ 6, 7, and 9] Further, Plaintiff alleges that many of the acts or omissions giving rise to Plaintiff's claims occurred in Florida. [DE 25 ¶ 7] The Court finds these allegations analogous to cases where courts have allowed FDUTPA claims to proceed. Accordingly, to the extent Defendant argues the FDUTPA claim should be dismissed because the Plaintiff lives outside the State of Florida and purchased his products outside the State of Florida, its motion to dismiss is denied.

### b. Whether FDUTPA claim is duplicative of breach of express warranty claim

Defendant argues that Plaintiff's claim under FDUTPA should be dismissed because it is merely a restatement of his claim for breach of express warranty. [DE 39 at p. 17] "Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value." *Matthews v. Am. Honda Motor Co.*, Case No. 12–60630–CIV, 2012 WL 2520675, at *3 (S.D. Fla. June 6, 2012). Courts have recognized that alleging a defendant "knowingly and intentionally conceal[ed] ... the fact that the [products] suffer from a design defect, which was not readily discoverable" is a valid claim under FDUTPA. *Horton v. Hoosier Racing Tire Corp.*, Case No: 8:15–cv–1453, 2015 WL 12859316, at *3 (M.D. Fla. Dec. 15, 2015). Here, Plaintiff is alleging that Invicta misrepresented the Pro Diver Watch's suitability for diving and water-related activities and that it concealed known defects and engaged in an advertising campaign designed to entice consumers to purchase products known to be defective. [DE 25 ¶¶ 68-74]. This is sufficient to set

---

[1] Because no motion for class certification is before this Court, the Court does not decide whether a class action may be certified when no named Plaintiff resides in the state of Florida.

Plaintiff's FDUTPA claim apart from his breach of express warranty claim.

### c. Whether a reasonable consumer would be deceived by Defendant's conduct

Defendant also argues that Plaintiff's FDUTPA claim fails because "a reasonable consumer would not have been deceived into believing … that Invicta guaranteed that there was no possibility of a defect in the Watch that may result in water intrusion or band dislodgment." [DE 39 at p. 18] According to the Complaint, Plaintiff does not allege that Invicta represents the Pro Diver Watch to be "*defect free*," rather, the allegation is that Invicta falsely represents the product to be suitable for diving and various types of water activity when Plaintiff contends the product is in reality "prone to breakage during gentle activity, and leakage at any depth and in non-marine situations" and thus not suitable for diving and water-related activity [DE 25 ¶¶ 2, 25-28, 52-54, 68]. Plaintiff alleges facts that, if true, may establish a deceptive or false claim as to the Pro Diver Watch. The allegations identify false representations made by Invicta regarding the qualities and capabilities of the Pro Diver Watch and the defects purportedly concealed from consumers. *See Horton*, 2015 WL 12859316, at *3 (allegation that defendant "knowingly and intentionally conceal[ed] ... the fact that the [products] suffer from a design defect, which was not readily discoverable" is a valid claim under FDUTPA). Because Defendant's arguments go to the merits of Plaintiff's FDUTPA claim, rather than the sufficiency of pleading, its arguments do not warrant dismissal. *See Nature's Prods., Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1322 (S.D. Fla. Oct.7, 2013) ("Whether [specific] conduct constitutes an unfair or deceptive trade practice is a question of fact for the jury to determine.").

### d. Whether Plaintiff sufficiently pleads damages

Plaintiff pleads two theories of actual damages: first, that he is entitled to a full refund of the purchase price of the products purchased because the misrepresentations rendered the products "valueless"; or, second, that the defects "significantly lowered the value of the Pro Diver Watches, render[ing] them unusable for the purposes in which they were purchased." [DE 25 ¶¶ 75, 83] Defendant argues that neither theory is plausible because Invicta agreed, through its Warranty terms, to repair and replace any defective watch. [DE 39 at p. 19]

The case of *Rollins, Inc. v. Heller*, 454 So. 2d 580 (Fla. Dist. Ct. App. 1984), is instructive for defining "actual damages" under FDUTPA. *Rollins* adopted the measure of damages used by Texas courts in interpreting Texas's Deceptive Trade Practices Act, and stated the measure of damages as such:

> Generally, the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. A notable exception to the

rule may exist when the product is rendered valueless as a result of the defect—then the purchase price is the appropriate measure of actual damages.

*Id.* at 585; *see also Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) ("Florida courts have allowed diminished value to serve as 'actual damages' recoverable in a FDUTPA claim." (internal quotation marks and citation omitted)).

The Court finds Plaintiff has alleged a plausible theory of damages, in that he alleged that he purchased two Pro Diver Watches with the intention to use them for water-based activity and that the latent defects rendered the watches unsuitable for this purpose. [DE 25 ¶¶ 30, 36, 47-48, 75] At this stage in the litigation, the Federal Rules of Civil Procedure require Plaintiff only to state a claim that is plausible on its face, and this he has done. *See Bohlke v. Shearer's Foods,* LLC, Case No. 9:14–CV–80727, 2015 WL 249418, at *8 (S.D. Fla. Jan. 20, 2015). As to Plaintiff's theory that the products were rendered valueless due to the defects, this issue need not be resolved at this pleading stage. *See Rollins,* 454 So. 2d at 585 (allowing for an exception to the general rule when the product at issue has been rendered valueless as a result of the alleged defect). Plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

### 2. Count II: FMA

"A consumer party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus, where appropriate, all of the other elements of the common law tort of fraud in the inducement, as follows: (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation." *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007). Defendant's arguments for dismissal of Plaintiff's FMA claim are similar to those made as to Plaintiff's FDUTPA claim; *i.e.,* that no reasonable person would believe that the watches were defect free and that Plaintiff suffered no damages due to Invicta's Warranty repair and replace terms. [DE 39 pp. 19-20]

First, as the Court already has noted, Defendant mischaracterizes Plaintiff's claim as to the representations made in Invicta's marketing and advertising. According to the Complaint, "[e]very advertisement and product description for the Pro Diver Watches consistently states that they are suitable for diving at depths of 50 to 300 meters [and that t]his representation is so crucial to the

marketability of the Pro Diver Watches, [the] representations regarding its water resistant nature are permanently engraved onto the Pro Diver Watches themselves." [DE 25 ¶ 82] Furthermore, Plaintiff alleges that "Defendant knew, or should have known, about the defects in the Pro Diver Watches," and "Defendant intended for the representations about the diving capabilities of the Pro Diver Watches to induce consumers to rely and act upon it." [DE 25 ¶¶ 80, 81]. Further, Plaintiff alleges that he relied on Defendant's representations when purchasing each of his Pro Diver Watches and that the products did not live up to those representations. [DE 25 ¶ 83]. Finally, as to damages, Plaintiff alleges specifically that the defects experienced "significantly lowered the value of the Pro Diver Watches, and rendered them unusable for the purposes in which they were purchased." *Id.* Because these allegations are sufficient, Defendant is not entitled to dismissal of Plaintiff's FMA claim.

### 3. Count IV: Breach of Express Warranty[2]

"To state a claim for breach of express warranty under Florida law, 'a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty.'" *Egbebike v. Wal–Mart Stores East, LP*, 2014 WL 3053184, at *5 (M.D. Fla. July 7, 2014) (quoting *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1340-41 (S.D. Fla. 2011)). Under Florida Statute section 672.313(1)(b), moreover, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." In this case, Plaintiff alleges that: (1) Invicta manufacturers and sells the Pro Diver Watches; (2) Invicta expressly represents that Pro Diver Watches are intended for diving and suitable for water-based activities; (3) Pro Diver Watches fail to perform as warranted; (4) Plaintiff notified the actual seller about the defects (and Invicta was on constructive notice of the defects); and, (5) Plaintiff suffered injury because the breach (*i.e.*, defects) rendered the products unfit for the purpose which they were purchased. [DE 25 ¶¶ 16, 99, 104, 105] For pleading purposes, Plaintiff's allegations satisfy each of the essential requirements for a claim for breach of express warranty.

### a. Written warranty not preclusive of claim premised on product description

Defendant argues that Plaintiff attempts to plead around Invicta's Warranty by claiming the Pro Diver Watch is not suitable for the diving and water-related activity instead of alleging mere defects

---

[2] Defendant argues that Plaintiff's MMWA claim (Count III) rises or falls on the sufficiency of a state law claim for breach of express warranty. [DE 39 at p. 16] The Court agrees. *See, e.g.*, *Burns v. Winnebago Industries, Inc.*, No. 8:11–cv–354–T–24–TBM, 2012 WL 171088, at *4 (M.D. Fla. Jan.2 0, 2012) (collecting cases). Accordingly, because the Court finds Plaintiff's breach of express warranty claim sufficiently alleged, Plaintiff's MMWA claim may proceed as well.

(which Defendant argues would be covered by the Warranty). [DE 39 at p. 9]. At this stage, it is not the Court's role to look behind the pleadings but only to assess whether, as pleaded, the Plaintiff sufficiently states a cause of action. *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. CV 16-21296-CIV, 2017 WL 1608891, at *2 (S.D. Fla. Apr. 28, 2017) (court will not look "beyond four-corners" of complaint on motion to dismiss); *see also Davis v. United States*, Case No. 12-80118-CR, 2016 WL 4204483, at *1 (S.D. Fla. Aug. 9, 2016) (it is axiomatic that plaintiff is "master of his complaint" and should not be subject to recharacterization of his pleadings). In support of its position that a plaintiff cannot plead around a written warranty, Defendant cites only to *Speier-Roche v. Volksw. Agen. Grp. of Am. Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *3 (S.D. Fla. Apr. 30, 2014). *Speir-Roche*, however, did not address a situation where descriptions concerning the qualities and capabilities of the product are "made part of the basis of the bargain." Fl. Stat. § 672.313(1)(a) and (b). Accordingly, Invicta's Warranty does not serve as a *de facto* bar to a breach of express warranty claim premised on a product that fails to conform to its description. It is sufficient that Plaintiff alleges that an express warranty was made, and the warranty was breached. *See Small v. Amgen, Inc.*, 2 F. Supp. 3d 1292, 1298 (M.D. Fla. 2014) ("The existence of an express warranty is a factual issue for the jury to decide.").

### b. **Whether Invicta's repair or replace Warranty obviates defect claims**

Defendant appears to argue that Plaintiff's claims must fail because Invicta's promise to repair and replace under the terms of the Warranty operate as a sufficient disclaimer that the Pro Diver Watch "may break" and not warranted to be "defect free." [DE 39 pp. 10-11] The Court rejects this argument; the terms of Invicta's Warranty are not relevant to the question of whether Plaintiff has sufficiently plead a claim based on the Pro Diver Watch failing to conform to Invicta's express representations. *See* Fl. Stat. § 672.313(1)(b).

### c. **Whether Plaintiff satisfied UCC notice requirement**

Next, Defendant argues that Plaintiff's claim must fail because he failed to provide Invicta with notice and an opportunity to cure. [DE 39 at pp. 11-12] Florida's Uniform Commercial Code requires that "[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Fla. Stat. § 672.607(3)(a). "Seller" means a person who sells or contracts to sell goods." Fla. Stat. § 672.103(1)(d). Florida courts recognize "that notice is required to be given to the seller, not the manufacturer, under Florida law." *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, Case No. 3:12-CV-1366, 2014 WL 12640371, at *4 (M.D. Fla.

Aug. 14, 2014) (citing *Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, Case No. 8:09–cv–607, 2010 WL 1223126, at *5 (M.D. Fla. Mar. 25, 2010) (holding that "the plain language of the statute therefore does not require notice to a manufacturer, such as [Defendants]")). Here, as required by statute, Plaintiff provided the seller with notice of the defects in his Pro Diver Watch. [DE 25 ¶¶ 37-40]. Citing *Burns v. Winnebago Indus., Inc.*, 492 F. App'x 44 (11th Cir. 2012), Defendant argues that Plaintiff was required to also provide Invicta with notice because the Warranty directed consumers to send their products to Invicta for service. [DE 39 at p. 11] Defendant misconstrues *Burns*. In that case, the warranty explicitly required that "*Written notice of defects must be given to the selling dealer and manufacturer*." *Id.* at 47, fn. 3 (emphasis in original). Here, Invicta's Warranty has no such provision. Accordingly, because Plaintiff complied with the statute, and because Invicta's Warranty is silent as to whom notice must be given, the Court finds the notice requirements of Florida's UCC satisfied.

With respect to whether Plaintiff was required to provide *an opportunity to cure* to Invicta, to the extent this issue is not resolved by the Court's conclusions above the Court defers any ruling on this issue until summary judgment. Neither party cites cases directly on point on this issue. The Court recognizes that some district courts have found that knowledge of a defect[3] at the time of sale is itself a sufficient opportunity to cure. *See Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 754 (N.D. Ohio 2001); *Albert v. General Motors Corp.*, 600 F. Supp. 1026 (D.D.C. 1985); *McFadden v. Dryvit Sys., Inc.*, Case No. CV–04–103, 2004 WL 2278542, at *17 (D. Or. Oct. 8, 2004). Other district courts have refused to find prior knowledge of a defect as synonymous with an opportunity to cure the defect, however, the reasoning in such cases includes a consideration, for example, of whether such a finding would render a manufacturer liable outside of a warranty period. *See Aprigliano v. Amer. Honda Motor Co.*, 979 F. Supp. 2d 13331, 1341 n.4 (S.D. Fla. 2013) ("[T]he Court is not persuaded principles of equity and fair play are served by making a manufacturer of a product liable to a subsequent purchaser outside the warranty period for an alleged defect the manufacturer never had the opportunity to repair or replace . . . ."). Here, the Court will consider any further argument on this issue in the context of a developed evidentiary record that includes such information as whether Plaintiff's watch was within the relevant warranty period.

---

[3] The Court finds that Plaintiff has adequately pleaded Defendant's knowledge of defects in its watches in compliance with federal pleading standards in light of (1) the volume of complaints about the watch and (2) the juxtaposition of Plaintiff's alleged use of his watch (with minimal exposure to water) and the alleged advertised uses of the watch (which included diving to depths of up to three hundred meters).

### d. Whether Warranty is unfair and unconscionable

Defendant asserts that Plaintiff cannot get around terms of the Invicta Warranty based on it being procedurally and substantively unconscionable. [DE 39 at 13-15] Plaintiff asserts that even if the Invicta Warranty was relevant to the issue of whether Defendant breached an express warranty based on product description, it is nonetheless unenforceable because: (a) the defects were known prior to sale; and (b) because its terms are unfair and onerous (*e.g.*, requiring payment of a fee and shipping costs amounting to 50% or more of the value of the watch, risking replacement with a watch of lesser value, and arbitrary and subjective exclusions). [DE 25 ¶¶ 43-45]

At this stage, the Court finds that the terms of Invicta's Warranty are not relevant to Plaintiff's claim. Notwithstanding, Plaintiff sufficiently pleads unconscionability. "While a finding of unconscionability in the context of a warranty 'cannot be premised solely upon allegations that Defendant knew that a defect in the product might arise,'" where the plaintiff alleges that defendant "engaged in a course of conduct intended to actively conceal the defect," dismissal of an express warranty claim "would not be appropriate." *Grasso v. Electrolux Home Prod., Inc.*, Case No. 15-20774-CIV, 2016 WL 2625746, at *2 (S.D. Fla. Mar. 24, 2016) (quoting *Suddreth v. Mercedes–Benz, LLC*, 2011 WL 5240965, at *3 (D.N.J. Oct. 31, 2011)); *see also Cooper v. Samsung Electronics America, Inc.*, Case No. 07-3853, 2008 WL 4513924, at *3 (D.N.J. Sept. 30, 2008) (determination of a warranty's unconscionability more suitable for determination on summary-judgment stage rather than on consideration of a motion to dismiss). Here, the Court is satisfied that Plaintiff alleges sufficient facts demonstrating that Invicta's Warranty is unconscionable and will not dismiss on that basis.[4]

### III. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss [DE 39] is DENIED.

DONE AND ORDERED in Chambers, Fort Pierce, Florida, this 4th day of August, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[4] Defendant also argues that Plaintiff cannot argue unconscionability because privity does not exist between Plaintiff and Defendant. [DE 39 at p. 14]. While the Court recognizes some authority exists to the contrary, it is confident following those cases, including Judge Cohn's analysis in *Wrigley* (663 F. Supp. 2d at 1338), holding that privity is not required for a breach of express warranty claims.