UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62772-RLR

JON B. FELICE,

    Plaintiff,
v.

INVICTA WATCH COMPANY OF
AMERICA, INC.,

    Defendant.
_____/

**DEFENDANT, INVICTA WATCH COMPANY OF AMERICA, INC.'S,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendant, Invicta Watch Company of America, Inc. ("Invicta" or "Defendant"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and in support thereof state as follows:

**NATURE OF THE ACTION**

1. Invicta admits the allegations contained within paragraph no. 1 of the Amended Complaint to the extent that the claims are for a class action under FDUTPA, Section 817.41, Florida Statues, the Magnusson Moss Act and Breach of Warranty, but denies the validity of all such claims, denies that Plaintiff is entitled to any relief and denies that a class should be certified in this matter.

2. Invicta denies the allegations contained within paragraph no. 2 of the Amended Complaint.

3. Invicta is without knowledge of the allegations contained within paragraph no. 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4. Invicta denies the allegations contained within paragraph no. 4 of the Amended Complaint as they call for legal conclusions.

5. Invicta denies the allegations contained within paragraph no. 5 of the Amended Complaint to the extent that they call for legal conclusions.

6. Invicta admits the allegations contained within paragraph no. 6 of the Amended Complaint to the extent that its headquarters are located in the State of Florida and that it transacts business in Florida, but is without knowledge of the remainder of the allegations contained therein.

7. Invicta admits the allegations contained within paragraph no. 7 of the Amended Complaint to the extent that venue is proper in the Southern District of Florida, that its headquarters are located in the district, that it conducts business in the district and that it has offices in the district, but denies the remainder of the allegations contained therein.

## PARTIES

8. Invicta is without knowledge of the allegations contained within paragraph no. 8 of the Amended Complaint.

9. Invicta admits the allegations contained within paragraph no. 9 of the Amended Complaint to the extent that the Company is privately held and that it promotes and markets its watches in the U.S. and internationally, but denies the remainder of the allegations contained therein.

## CLASS ACTION ALLEGATIONS

10. Invicta denies the allegations contained within paragraph no. 10 of the Amended Complaint to the extent they call for legal conclusions.

11. Invicta denies the allegations contained within paragraph no. 11 of the Amended Complaint.

12. Invicta denies the allegations contained within paragraph no. 12(a)-(g) of the Amended Complaint.

13. Invicta denies the allegations contained in paragraph no. 13 of the Amended Complaint.

14. Invicta denies the allegations contained within paragraph no. 14 of the Amended Complaint, but for the assertions related to Plaintiff's counsel of which Invicta is without knowledge.

15. Invicta denies the allegations contained within paragraph no. 15 of the Amended Complaint.

**FACTUAL ALLEGATIONS**

16. Invicta admits the allegations contained within paragraph no. 16 of the Amended Complaint to the extent that it is the maker and seller of the Pro Diver Watches sold under its name.

17. Invicta denies the allegations contained with paragraph no. 17 of the Amended Complaint.

18. Invicta denies the allegations contained within paragraph no. 18 of the Amended Complaint. Invicta engages in bulk sales to customers (except through its website) who, in turn, sell through the channels referenced in paragraph no. 18.

19. Invicta denies the allegations contained within paragraph no. 19 of the Amended Complaint and relies upon the express language of any such product descriptions.

20. Invicta is without knowledge of the particular product description which is referred to in the allegations contained within paragraph no. 20 of the Amended Complaint and relies on the express language of statements contained on any website referenced therein.

21. Invicta is without knowledge of the particular product description which is referred to in the allegations contained within paragraph no. 21 of the Amended Complaint and relies on the express language of statements contained on any website referenced therein.

22. Invicta admits the allegations contained within paragraph no. 22 of the Amended Complaint to the extent that the Pro Diver Watches contain certain engravings, but denies the remainder of the allegations contained therein and relies [upon] the express language of any such engravings.

23. Invicta denies the allegations contained within paragraph no. 23 of the Amended Complaint and relies upon the express language of the Instruction Manual and Warranty.

24. Invicta denies the allegations contained within paragraph no. 24 of the Amended Complaint and relies upon the express language of the Instruction Manual.

25. Invicta admits the allegations contained within paragraph no. 25 of the Amended Complaint to the extent that the Pro Diver Watches are under the "Diving Watches" link, but denies the remainder of the allegations contained therein.

26. Invicta denies the allegations contained within paragraph no. 26 of the Amended Complaint to the extent Plaintiff offers his interpretation of the meaning of the Pro Diver Watches brand name.

27. Invicta denies the allegations contained within paragraph no. 27 of the Amended Complaint.

28. Invicta denies the allegations contained within paragraph no. 28 of the Amended Complaint to the extent Plaintiff offers his interpretation of the meaning of the catch phrase "Master of the Oceans" associated with the Pro Diver Series of watches.

29. Invicta is without knowledge of the allegations contained within paragraph no. 29 of the Amended Complaint.

30. Invicta is without knowledge of the allegations contained within paragraph no. 30 of the Amended Complaint.

31. Invicta is without knowledge of the allegations contained within paragraph no. 31 of the Amended Complaint.

32. Invicta is without knowledge of the allegations contained within paragraph no. 32 of the Amended Complaint.

33. Invicta is without knowledge of the allegations contained within paragraph no. 33 of the Amended Complaint.

34. Invicta is without knowledge of the allegations contained within paragraph no. 34 of the Amended Complaint.

35. Invicta is without knowledge of the allegations contained within paragraph no. 35 of the Amended Complaint.

36. Invicta denies the allegations contained within paragraph no. 36 of the Amended Complaint.

37. Invicta is without knowledge of the allegations contained within paragraph no. 37 of the Amended Complaint.

38. Invicta is without knowledge of the allegations contained within paragraph no. 38 of the Amended Complaint.

39. Invicta is without knowledge of the allegations contained within paragraph no. 39 of the Amended Complaint.

40. Invicta is without knowledge of the allegations contained within paragraph no. 40 of the Amended Complaint.

41. Invicta is without knowledge of the allegations contained within paragraph no. 41 of the Amended Complaint.

42. Invicta denies the allegations contained within paragraph no. 42 of the Amended Complaint.

43. Invicta is without knowledge of the allegations contained within paragraph no. 43 of the Amended Complaint, but states that the applicable warranty speaks for itself and Invicta denies any allegations inconsistent therewith.

44. Invicta denies the allegations contained within paragraph no. 44 of the Amended Complaint and relies upon the express terms of the Warranty referenced therein.

45. Invicta denies the allegations contained within paragraph no. 45 of the Amended Complaint and relies upon the express terms of the Warranty referenced therein.

46. Invicta is without knowledge of the allegations contained within paragraph no. 46 of the Amended Complaint.

47. Invicta is without knowledge of the allegations contained within paragraph no. 47 of the Amended Complaint.

48. Invicta is without knowledge of the allegations contained within paragraph no. 48 of the Amended Complaint as to the claim the band on the watch broke and denies the remainder of the allegations as contained therein.

49. Invicta is without knowledge of the allegations contained within paragraph no. 49 of the Amended Complaint as to Plaintiff's understanding of the warranty and denies the remainder of the allegations contained therein and relies upon the express terms of the warranty.

50. Invicta is without knowledge of the allegations contained within paragraph no. 50 of the Amended Complaint.

51. Invicta denies the allegations contained within paragraph no. 51 of the Amended Complaint. The referenced watches are highly rated. The first watch that Felice purchased has a 4.3 out of 5 star rating on Amazon. The second watch that Plaintiff purchased has a 4.1 out of 5 star rating on Amazon. Moreover, the first watch model has over 2,600 reviews on Amazon alone and the second watch model has over 725 reviews on Amazon alone, such that the overwhelming number of comments on Amazon regarding the watches' excellent durability and water resistance are overwhelmingly positive, resulting in the overall high star rating for both models.

52. Invicta denies the allegations contained within paragraph no. 52 of the Amended Complaint. The referenced watches are highly rated. The first watch that Felice purchased has a 4.3 out of 5 star rating on Amazon. The second watch that Plaintiff purchased has a 4.1 out of 5 star rating on Amazon. Moreover, the first watch model has over 2,600 reviews on Amazon alone and the second watch model has over 725 reviews on Amazon alone, such that the overwhelming number of comments on Amazon regarding the watches' excellent durability and water resistance are overwhelmingly positive, resulting in the overall high star rating for both models.

53. Invicta denies the allegations contained within paragraph no. 53 of the Amended Complaint, relies upon the complete Amended Complaints cited therein to the extent any contain

portions of the Amended Complaints. Invicta further states that the referenced watches are highly rated. The first watch that Felice purchased has a 4.3 out of 5 star rating on Amazon and over 2,600 reviews. The second watch that Plaintiff purchased has a 4.1 out of 5 star rating on Amazon and has over 725 reviews. Moreover, there are multiple comments on Amazon regarding the watches excellent durability and water resistance, with the overwhelming majority of reviews being highly positive, which is what allows these watch models to consistently maintain such high overall star rankings on Amazon.

54. Invicta denies the allegations contained within paragraph no. 54 of the Amended Complaint.

55. Invicta admits the allegations contained within paragraph no. 55 of the Amended Complaint. to the extent that the Pro Diver Watches sell in the $75 to $250 price range, but deny the remainder of the allegations contained therein.

56. Invicta denies the allegations contained within paragraph no. 56 of the Amended Complaint to the extent it is claimed the warranty is not presented or available to prospective purchasers, but admits each watch comes with a warranty and relies upon the express terms of the warranty.

57. Invicta denies the allegations contained within paragraph no. 57 of the Amended Complaint and relies upon the express terms of the warranty.

58. Invicta denies the allegations contained within paragraph no. 58 of the Amended Complaint and relies upon the express terms of the contents of the website referenced therein.

59. Invicta is without knowledge of the allegations contained within paragraph no. 59 of the Amended Complaint and relies upon the express terms of the warranty.

60. Invicta admits the allegations contained within paragraph no. 60 of the Amended Complaint and relies upon the express terms of the warranty.

61. Invicta is without knowledge as to the allegations contained within paragraph no. 61 of the Amended Complaint and relies upon the express terms of the warranty.

62. Invicta denies the allegations contained within paragraph no. 62 of the Amended Complaint and relies upon the express terms contained on its website.

63. Invicta denies the allegations contained within paragraph no. 63 of the Amended Complaint and relies upon the express terms contained on its website.

64. Invicta denies the allegations contained within paragraph no. 64 of the Amended Complaint, relies upon the complete Amended Complaints cited therein to the extent any contain portions of the Amended Complaints. Invicta further states that the referenced watches are highly rated. The first watch that Felice purchased has a 4.3 out of 5 star rating on Amazon. The second watch that Plaintiff purchased has a 4.1 out of 5 star rating on Amazon. Moreover, the first watch model has over 2,600 reviews on Amazon alone and the second watch model has over 725 reviews on Amazon alone, such that the overwhelming number of comments on Amazon regarding the watches' excellent durability and water resistance are overwhelmingly positive, resulting in the overall high star rating for both models.

**COUNT I – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

65. Invicta realleges its responses to paragraph nos. 1 through 64 as though fully set forth herein.

66. Invicta denies the allegations contained within paragraph no. 66 of the Amended Complaint to the extent they call for legal conclusions.

67. Invicta denies the allegations contained within paragraph no. 67 of the Amended Complaint to the extent they call for legal conclusions or Plaintiff is offering his interpretation of the reasons for enactment of FDUTPA.

68. Invicta denies the allegations contained within paragraph no. 68 of the Amended Complaint.

69. Invicta denies the allegations contained within paragraph no. 69 of the Amended Complaint.

70. Invicta denies the allegations contained within paragraph no. 70 of the Amended Complaint.

71. Invicta denies the allegations contained within paragraph no. 71 of the Amended Complaint.

72. Invicta denies the allegations contained within paragraph no. 72 of the Amended Complaint.

73. Invicta denies the allegations contained within paragraph no. 73 of the Amended Complaint.

74. Invicta denies the allegations contained within paragraph no. 74 of the Amended Complaint, including to the extent they call for legal conclusions.

75. Invicta denies the allegations contained within paragraph no. 75 of the Amended Complaint, including to the extent they call for legal conclusions.

76. Invicta denies the allegations contained within paragraph no. 76 of the Amended Complaint.

## COUNT II – FLORIDA MISLEADING ADVERTISING STATUTE

77. Invicta realleges its responses to paragraph nos. 1 through 64 as though fully set forth herein.[1]

78. Invicta denies the allegations contained within paragraph no. 78 of the Amended Complaint, including to the extent they call for legal conclusions.

79. Invicta admits the allegations contained within paragraph no. 79 of the Amended Complaint to the extent a portion of Section 817.41, Florida Statutes is quoted, but denies the allegations to the extent they imply Invicta violated Section 817.41.

80. Invicta denies the allegations contained within paragraph no. 80 of the Amended Complaint to the extent of claimed defects with the Pro Diver Watches and the unsuitability of those watches for diving and denies the validity of comments featured on Amazon.com referred to therein.

81. Invicta denies the allegations contained within paragraph no. 81 of the Amended Complaint.

82. Invicta denies the allegations contained within paragraph no. 82 of the Amended Complaint.

---

[1] To the extent Plaintiff is incorporating all prior allegations into Counts II, III and IV, not just the General Factual Allegations, that constitutes an improper shotgun pleading and Invicta objects to such incorporation of allegations. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."); *See also Popham v. Cobb County*, 392 Fed. Appx. 677, 680 (11th Cir. 2010)("Shotgun pleadings make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'")(quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)(shotgun pleadings are the type of complaint the court has "criticized time and again"). If this is a shotgun pleading, then Invicta realleges and incorporates into Counts II, III and IV its responses to the General Factual Allegations and all prior allegations.

83. Invicta denies the allegations contained within paragraph no. 83 of the Amended Complaint.

84. Invicta denies the allegations contained within paragraph no. 84 of the Amended Complaint.

### COUNT III – MAGNUSSON-MOSS ACT

85. Invicta realleges its responses to paragraph nos. 1 through 64 as though fully set forth herein.

86. Invicta denies the allegations contained within paragraph no. 86 of the Amended Complaint including to the extent they call for legal conclusions.

87. Invicta denies the allegations contained within paragraph no. 87 of the Amended Complaint to the extent they call for legal conclusions.

88. Invicta denies the allegations contained within paragraph no. 88 of the Amended Complaint to the extent they call for legal conclusions.

89. Invicta denies the allegations contained within paragraph no. 89 of the Amended Complaint to the extent they call for legal conclusions.

90. Invicta denies the allegations contained within paragraph no. 90 of the Amended Complaint to the extent they call for legal conclusions.

91. Invicta denies the allegations contained within paragraph no. 91 of the Amended Complaint to the extent they call for legal conclusions.

92. Invicta denies the allegations contained within paragraph no. 92 of the Amended Complaint.

93. Invicta denies the allegations contained within paragraph no. 93 of the Amended Complaint as to claims of defects in the Pro Diver Watches and breach of warranties.  Further,

even if Invicta tracked Amazon reviews, this would have revealed that customers were pleased with the watches, because the watches, as noted, had ratings of 4.3 and 4.1 out of 5 stars, a rating that is very difficult to achieve and maintain when dealing with hundreds and thousands of reviews, as is the case with these watch models.

94. Invicta denies the allegations contained within paragraph no. 94 of the Amended Complaint to the extent they call for legal conclusions, and denies Plaintiff and the Class are entitled to recover any damages.

95. Invicta denies the allegations contained within paragraph no. 95 of the Amended Complaint to the extent they call for legal conclusions.

## **COUNT IV – BREACH OF EXPRESS WARRANTY**

96. Invicta realleges its responses to paragraph nos. 1 through 64 as though fully set forth herein.

97. Invicta admits the allegations contained within paragraph no. 97 of the Amended Complaint to the extent that Invicta states on its website that the Pro Diver Watches are water resistant, but denies the remainder of the allegations contained therein.

98. Invicta denies the allegations contained within paragraph no. 98 of the Amended Complaint.

99. Invicta denies the allegations contained within paragraph no. 99 of the Amended Complaint.

100. Invicta denies the allegations contained within paragraph no. 100 of the Amended Complaint and denies that the Pro Diver Watches are defective.

101. Invicta denies the allegations contained within paragraph no. 101 of the Amended Complaint to the extent they call for legal conclusions.

102. Invicta denies the allegations contained within paragraph no. 102 of the Amended Complaint to the extent they call for legal conclusions.

103. Invicta denies the allegations contained within paragraph no. 103 of the Amended Complaint to the extent they call for legal conclusions.

104. Invicta denies the allegations contained within paragraph no. 104 of the Amended Complaint to the extent they call for legal conclusions.

105. Invicta denies the allegations contained within paragraph no. 105 of the Amended Complaint to the extent they call for legal conclusions.

## AFFIRMATIVE DEFENSES

1. Count I (Florida Deceptive and Unfair Trade Practices Act)("FDUTPA") is barred because Plaintiff did not suffer any actual damages. Invicta offered to repair the watch as per the terms of the warranty, which was refused by Plaintiff.

2. The FDUTPA claim is barred because Invicta did not engage in any deceptive conduct. Invicta did not guarantee that there would be no water intrusion in the watch at any time. The watch is advertised as being water resistant – not water proof or defect free. Thus why Invicta offers a warranty to repair any watch that has an issue with water intrusion.

3. The FDUTPA claim is barred because the sale to Plaintiff did not occur in Florida and he is a resident of New York.

4. FDUTPA claim is barred as it alleges the same acts and is not independent of the Breach of Express Warranty claim.

5. Count II (Florida Misleading Advertising Statute) fails because Plaintiff cannot show a misrepresentation by Invicta. The statements on Invicta's website and any engraving on the watches at issue state the watches are water resistant – not water proof. Invicta did not

represent that at no time would the watches ever have an issue with water intrusion or were otherwise guaranteed as defect free. To the contrary, the warranty specifically addresses this issue noting that if water intrusion should occur, Invicta will repair the watch.

6. Count II fails because Plaintiff cannot show that each member of the putative class reviewed and relied upon the same advertisement or representation with respect to the water resistance of the watches at issue.

7. Count III (Magnusson-Moss Act) fails because this claim cannot be maintained if Count IV (Breach of Express Warranty) fails, which it does for the reasons set forth in the Affirmative Defenses to Count IV.

8. Count III fails because Plaintiff did not provide Invicta or the seller of the watches with notice under the terms of the warranty of any issue with water intrusion in the watch and did not provide Invicta with the opportunity to cure the issue as per the warranty. Further, Plaintiff did not put Invicta on notice that he was acting on behalf of a purported class.

9. Count III fails because it fails to meet the Magnuson-Moss Act's one hundred plaintiff requirement.

10. Count IV (Breach of Express Warranty) fails because Invicta did not provide an express warranty that water would not get into the watches at issue or that they were otherwise defect free. The representation made is that the watches are water resistant – not that they are water proof.

11. Count IV fails because there is no Breach of Express Warranty merely because the watch has to be repaired.

12. Count IV fails because Plaintiff did not provide Invicta or the seller of the watches with notice, including, but not limited to, under the terms of the warranty and Section

672.607, Florida Statutes, of any issue with water intrusion in the watch and did not provide Invicta with the opportunity to cure the issue as per the warranty.

13.     Count IV fails due to a failure to satisfy conditions precedent, including, but not limited to, Plaintiff did not provide notice of any issue with water intrusion and did not provide an opportunity to cure the issue as per the terms of the warranty.

14.     Count IV is barred because any issue with water intrusion into Plaintiff's watches did not arise during the warranty period.

15.     Count IV fails due to lack of privity.

16.     Count IV fails as there is not unconscionability – either procedural or substantive – as to the contract.  As to procedural, Invicta was not a party to the contract as Plaintiff purchased the watch from Amazon.  The charge under the warranty for shipping and handling in order to repair the watch is expressly stated in the warranty card which is visible to customers before they purchase a watch.  Substantive unconscionability is lacking because charging for shipping is not out of the norm.

17.     Count IV fails because even if a warranty was made, Plaintiff did not rely upon the statement as part of the basis of the bargain.

18.     Count IV fails because if a warranty was given, it was voided by Plaintiff's misuse of the watch.  The Instruction Manual and Warranty specifically states that after the watch is set, the crown must be screwed back in manually and tightly, otherwise, the water resistance of the watch will be cancelled and will void all warranties.

19.     Count IV is barred because the warranties upon which Plaintiff sues are disclaimed, including, but not limited to, on Invicta's websites.

20.     Plaintiff's claims are barred because there was no knowing concealment of the water resistance of the watches.  Invicta specifically discloses in its warranty information that the watch is water resistant and the specific required usage of the watch in order to maintain water resistance along with the warranty to repair any watch which may have water intrusion issues. Further, Invicta has been using the same manufacturer for approximately twenty years.  The manufacturer engages in industry standard testing to assure that the watches it manufacturers are water resistant.

21.     Plaintiff's claims are barred because Invicta made reasonable efforts to make the watches water resistant.  Invicta's defect rate for watches is substantially lower than the industry average. The overwhelming majority of watches that are sent back for repairs under the warranty relating to water intrusion - already an extremely small number as compared to the number of watches sold - are not working properly as a the result of the customer(s) failing to properly screw in the manually operated crown, which may lead to water intrusion. Such watch damage is due to improper use of the watch by the consumer and not properly following directions provided to each consumer in the instructional manual and warranty information booklet, not a defect with the watch and/or its manufacturing.

## NOTICE OF INTENT TO SEEK ATTORNEY'S FEES AND COSTS

Invicta gives notice of its intention to seek attorney's fees and costs with regard to the Complaint pursuant to Sections 501.2015 and 817.41, Florida Statutes.

Dated August 28th, 2017.

Respectfully Submitted,

WALDMAN BARNETT, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone No: (305) 371-8809
Facsimile: (305) 448-4155

By: __/s/ *Michael A. Sayre*_____
    Glen H. Waldman, Esq.
    Fla. Bar No. 618624
    Michael A. Sayre, Esq.
    Fla. Bar. No. 17607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28th, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

    _/s/ *Michael A. Sayre*__
    Michael A. Sayre, Esq.